IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Charles Ogden, | ) | Civil Docket No. 9:06-cv-01994-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | **GRANTING REMAND** |
| | ) | |
| Medtronic Sofamor Danek, USA, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the plaintiff's motion to remand this case to the South Carolina Court of Common Pleas for the Fourteenth Judicial Circuit, in Hampton County. The Court has reviewed the motion, memoranda of counsel, and the record in this case. For the reasons set forth below, the Court finds that remand is appropriate.

**Background Facts and Procedural History**

Plaintiff, Charles Ogden, a South Carolina citizen, brought this action against the Defendant Medtronic Sofamor Danek, USA, Inc., a foreign corporation which does business in South Carolina. Plaintiff alleges in the complaint that he underwent spine surgery in 2005 and during such surgery he received bone tissue that had been improperly harvested and which is subject to recall.

The complaint alleges causes of action for negligence, breach of warranty, strict liability, and violations of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10, et seq. The prayer for relief, or *ad damnum* clause, requests actual damages, punitive damages, and treble damages for the unfair trade practices, "all in an amount that does not exceed $75,000.00." The defendant removed this case from state court on July 11, 2006 based on diversity jurisdiction. The plaintiff filed the motion which is currently before the court on July 14, 2006.

**Standard of Review**

The party seeking to remove a case to federal court has the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Therefore, the defendant bears the burden in this instance. "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction." Id., *citing* Shamrock Oil & Gas Corp v. Sheets, 313 U.S. 100 (1941). "If federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d at 151.

**Discussion**

The defendant removed this case from state court pursuant to 28 U.S.C. §§ 1441 and 1446. Under § 1441(a), a defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. The defendant bases federal jurisdiction upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. Under that statutory provision, federal district courts have original jurisdiction over a case if the case involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Without question, diversity of citizenship is present in this case as the plaintiff is a citizen and resident of the state of South Carolina and the defendant is a business entity organized under the laws of the state of Tennessee with its principal place of business in the state of Tennessee. Thus, the key issue before this court is whether the amount in controversy in the present case exceeds $75,000. The plaintiff claims that this court lacks subject matter jurisdiction over the present case because the complaint specifically stipulated that the plaintiff will not seek damages greater than $75,000. On the other hand, the defendant states it "reasonably believes and therefore avers that the amount in controversy exceeds $75,000 exclusive of interests and costs." (Notice of Removal, p. 3-4, Entry #1).

With regard to the amount in controversy requirement, it is well established that the "legal certainty" standard applies when the case is filed by the plaintiff in federal court and the defendant challenges jurisdiction. St. Paul Mercury Indemnity Co. v. Red Cab, 303 U.S. 283 (1938). However, there is a divergence of opinions over which standard to apply when the defendant has removed the case from state court. See De Aguilar v. Boeing Co., 47 F.3d 1404, 1409-10 (5th Cir. 1995); Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, 14A Federal Practice and Procedure § 3702.

In cases where plaintiff has *not* specified any monetary amount of damages claimed, "courts have required defendants justifying the removal of a case to federal court based on diversity jurisdiction to meet one of at least four different standards to show that the amount in controversy has been satisfied; (1) 'legal certainty,' (2) 'preponderance of the evidence,' (3) 'reasonable probability,' and (4) inverse legal certainty.'" Phillips v. Whirlpool Corp., 351 F. Supp. 2d 458, 461 (D.S.C. 2005).

However, in the case at bar, the plaintiff has specifically pled in the complaint that he is seeking damages "in an amount that does not exceed $75,000.00," which notably falls below the jurisdictional threshold.[1] There appears to be a difference of opinion among federal courts in this situation as well. For example, in Hicks v. Universal Housing, Inc., 792 F. Supp. 482, 484 (S.D. W. Va. 1992), Judge

---

[1] South Carolina Rule of Civil Procedure 8 (a) provides in pertinent part:

> Relief for a sum certain in money may be demanded for actual damages, but claims for punitive or exemplary damages shall be in general terms only and not for a stated sum; **provided, however, a party may plead that the total amount in controversy shall not exceed a stated sum which shall limit the claim for all purposes.**

The Reporter's notes to Rule 8 indicate that the prayer or demand for relief is designated as a part of the pleading. The notes further indicate that in 1986 the Rule was amended "because the amount in controversy may determine the jurisdiction of the state and federal courts, as well as the methods of discovery available in state courts."

3

Faber of our sister court held implicitly that the plaintiff's allegation as to the amount in controversy is irrebuttable, and, consequently, the case may not be removed. However, the Eleventh Circuit Court of Appeals has held that removal may still be had if the "defendant [can] prove to a legal certainty that the plaintiff's claim *must* exceed [the jurisdictional minimum]." Burns v. Windsor Insurance Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (emphasis added). Likewise, in the Fifth Circuit, there is only a requirement that the removing party show by a preponderance of the evidence "that the amount in controversy *actually* exceeds the jurisdictional amount . . . ." De Aguilar, 47 F.3d at 1411-12 (emphasis added), *cert. denied*, 516 U.S. 865 (1995).

It appears to this court that the courts which allow inquiry into the amount in controversy even when there is an amount pled in the complaint below the jurisdictional minimum, have noted that "[t]he majority of states now . . . have followed the example of Fed.R.Civ.P. 54(c) and do not limit damage awards to the amount specified in the *ad damnum* clause of the state pleading." Id. at 1410; *accord* Burns, 31 F.3d at 1094. As such, these courts find that permitting such inquiry is necessary in order to limit "the potential for abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading." De Aguilar, 47 F.3d at 1410; *accord* Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, 14A Federal Practice and Procedure § 3725.[2]

---

[2] Notably, South Carolina has adopted the rationale of Fed.R.Civ.P. 54(c) and does not limit damage awards to the amount specified in the pleadings. See Rule 54(c) of the South Carolina Rules of Civil Procedure ("every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."). The South Carolina Court of Appeals held in Jones v. Bennett, 348 S.E.2d 365 (S.C. Ct. App. 1986), that based upon South Carolina Rules of Civil Procedure 54(c), the prayer for relief in the complaint was not binding where a jury found damages in excess of that amount. However, the court must note that Jones

4

Other courts have also noted concern that the removal provision, 28 U.S.C. § 1446(b), was amended in 1988 to impose a one-year limitation on removal of a diversity case after commencement of the action. Judicial Improvements and Access to Justice Act, Pub. L. No. 100-702, § 1016(b)(2)(B), 102 Stat. 4642, 4669-70 (1988). Under the amended removal statute, a plaintiff can plead less than the jurisdictional amount, wait one year, formally amend the complaint to seek more than the jurisdictional amount and remain in state court because the one-year limitation precludes the defendant from removing. See Kliebert v. Upjohn Co., 915 F.2d 142 (5th Circ. 1990), *vacated for reh'g en banc*, 923 F.2d 47 (5th Cir. 1990), *appeal dism'd per stipulation of settlement*, 947 F.2d 736 (5th Cir. 1991).[3]

Notably, the Fourth Circuit Court of Appeals has not addressed which standard to apply in either of the circumstances discussed above. Upon review of all of the above cited authority, this court tends to lean toward the belief that when presented with the issues in the case at bar, a case where the complaint specifically limits recoverable damages to below the jurisdictional minimum, the appropriate procedure would be to conclude that the action was removed improvidently and the court is without jurisdiction since, on the basis of the plaintiff's claims as originally pleaded, the requisite jurisdictional amount was lacking. After all, the Supreme Court held long ago that "[i]f [the plaintiff] does not desire to try his case in federal court he may resort to the expedient of suing for less than the jurisdictional

---

was decided on March 24, 1986, which was prior to the aforementioned amendment of Rule 8(a) on May 1, 1986, that added the provision that a party may limit the amount of his claim to not exceed a stated sum "for all purposes." Therefore it appears to this court that there may be some potential conflict between the two rules. At first blush Rule 8(a) would seem to limit the plaintiff to the amount originally pled, however, when juxtaposed with Rule 54(c) language, there appears to be a valid concern for defendants.

[3] The court notes that in the memorandum in opposition to the motion to remand, the defendant raises both the issue regarding Rule 54(c) of the South Carolina Rules of Civil Procedure and the issue of the plaintiff's potential amendment of the complaint after the one-year limitation for removal has expired.

amount and though he would be justly entitled to more, the defendant cannot remove." St. Paul Mercury, 303 U.S. at 294.

However, this court also understands the concerns raised by the line of decisions which have found that the inquiry does not necessarily end merely because the plaintiff alleges damages below the threshold amount required for federal jurisdiction. Those opinions have ultimately found that the face of the plaintiff's pleading will not control if made in bad faith. See De Aguilar, 47 F.3d at 1410 ("statement from St. Paul Mercury [was] plainly premised on the notion that the plaintiff would not be able to recover more in state court than what was alleged in the state court complaint.")

Yet, even if this court were to adopt the De Aguilar approach, or the analysis used by the number of courts following the same line of reasoning, the defendant in this case has failed to show, by any standard, that the plaintiff's limitation on damages was made in bad faith or that the plaintiff would recover a judgment in excess of $75,000 if this case should go to trial and he prevailed. In fact, the only "evidence" proffered by the defendant that the amount in controversy exceeds $75,000 is the mere fact that actual, punitive, and treble damages are requested in the complaint. Obviously, such scant statements are woefully inadequate. The defendant cites Judge Shedd's decision in Woodward v. New Court Commercial Finance Corp., 60 F. Supp. 2d 530 (D.S.C. 1999), and this court's decision in Kress v. Alabama Motor Express, 2005 W.L. 329886 (D.S.C. Dec. 5, 2005), for the proposition that numerous claims for damages can be read to meet the minimum jurisdictional threshold. However, this court finds that the defendant's reliance on those cases is misplaced, as they both involved complaints which sought an *unspecified amount of damages* and did not limit the recoverable damages to an amount below the jurisdictional threshold.

As aforementioned, the *ad damnum* in the complaint in this case specifically limits the plaintiff's

prayer for damage "in an amount that does not exceed $75,000.00." Although the defendant attempts to make much of the different types of damages alleged in the complaint, the Supreme Court established long ago that the *ad damnum* or demand for judgment takes precedence over conflicting damage allegations in the body of the complaint. Iowa Central Railway Co. v. Bacon, 236 U.S. 305 (1915).

Although the court has found above that the defendant has failed to meet its burden, it should be noted that subsequent to the case being removed to this court, the plaintiff filed a stipulation that the amount in controversy does not exceed $75,000. Specifically, the stipulation states:

> The plaintiff in this action against Medtronic Sofamor Danek, by and through his undersigned attorney and agent, hereby irrevocably stipulates that the amount in controversy in this action against Medtronic Sofamor Danek does not exceed $75,000.00. The plaintiff further stipulates that he will at no time move to amend his complaint to seek an amount against Medtronic Sofamor Danek in excess of $75,000.00.
>
> The plaintiff further agrees that he will not attempt to collect on any judgment rendered against Medtronic Sofamor Danek in excess of $75,000.00 in the event a verdict is rendered exceeding this amount.

(Stipulation of Amount in Controversy, p.1, Entry #13).

As noted above, the court has found that the defendant has not shown that the plaintiff's limitation on damages in the complaint was made in bad faith, however, the plaintiff's stipulation further supports this finding.

Finally, this court must note that it not only has concerns regarding abusive manipulation by plaintiffs, but also by defendants who simply desire to be in federal court regardless of the fact that the amount sought by the plaintiffs is less than the jurisdictional minimum. Therefore, the court feels obligated to warn the defendant in the case at bar that there is a line of authority which apparently concludes that if a defendant removes a case, despite the plaintiff's allegations in the complaint that damages are less than the federal jurisdictional amount, and the federal court accepts jurisdiction, the

7

court may be required to grant a new trial if the jury awarded less than the jurisdictional amount, because of the defendant's own averment that the damages actually exceeded the jurisdictional amount. See Kliebert, *supra*.

## Conclusion

For the reasons stated above, this court concludes that this action was removed improvidently and it is without jurisdiction. Therefore, the plaintiff's motion to remand is **GRANTED**. This case is hereby **REMANDED** to the South Carolina Court of Common Pleas for the Fourteenth Judicial Circuit, in Hampton County. A certified copy of this Order of remand shall be mailed by the Clerk of this Court to the Clerk of the Court of Common Pleas, Hampton County, Fourteenth Judicial Circuit of South Carolina.

**IT IS SO ORDERED.**

 s/R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

July 31, 2006
Florence, South Carolina